**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4309**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

GERARD ONEIL WELLS, a/k/a J,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Joseph F. Anderson, Jr., District
Judge.  (0:08-cr-00608-JFA-2)

———————————

Submitted:  March 20, 2014          Decided:  April 10, 2014

———————————

Before AGEE, DIAZ, and FLOYD, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

James P. Craig, CRAIG LAW FIRM, PC, Columbia, South Carolina,
for Appellant.  William N. Nettles, United States Attorney,
Robert F. Daley, Jr., Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerard ONeil Wells seeks to appeal the district court's amended judgment resentencing him to the lower mandatory minimum applicable to his drug conspiracy conviction under the Fair Sentencing Act of 2010 and Dorsey v. United States, 132 S. Ct. 2321 (2012). On appeal, Wells contends that his sentence is unreasonable under 18 U.S.C. § 3553 (2012) and that his appeal waiver does not foreclose review of the issue. The Government contends that Wells waived the right to appeal his sentence, and his appeal should be dismissed. We dismiss the appeal.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (citation and internal quotations omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." United States v. Davis, 689 F.3d 349, 354 (4th Cir. 2012) (citing United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)). We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." Id. (citing Blick, 408 F.3d at 168).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Wells knowingly and voluntarily waived his right to appeal and that

the issue he seeks to raise on appeal falls within the scope of the waiver. Wells waived "the right to contest either the conviction or sentence in any direct appeal or post-conviction action." On appeal, he contends that his waiver does not foreclose review of the issue he seeks to raise, because he was not aware that he would be sentenced to an unreasonable sentence under 18 U.S.C. § 3553, and his sentence is illegal because it violates 18 U.S.C. § 3553. We conclude that these arguments are without merit. See United States v. Thornsbury, 670 F.3d 532, 537-39 (4th Cir. 2012).

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED